IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Crim. No. 1:25-mj-00174** |
| v. : | |
| : | |
| **CHARLES MIDDLETON,** : | |
| : | |

*(defendant)*

**MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE**

In enacting the Bail Reform Act, Congress established a general presumption that an individual should be released pending trial unless a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "[T]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (*quoting United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405.

1

To detain a defendant on grounds of dangerousness, the government must establish clear and convincing evidence "that *no* condition or combination of conditions will reasonably assure the safety of any other person and the community," 18 U.S.C. § 3142(f)(2), or, in other words, that pretrial detention is the *only* means by which the safety of the community can reasonably be assured. *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). The evidence must prove that the defendant actually poses a danger, not that he does so in theory. *United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021)("to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community) (citations omitted); *United States v. Patriaca*, 948 F.2d 789 (1st Cir. 1991). The judicial officer must take into account the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

1. **Nature and Circumstances of the Offense Charged**

According to the Statement of Offense (hereinafter "SOF") accompanying the Criminal Complaint, Mr. Middleton is observed in Digital Video Recorder footage enter and board a bus. Upon entering he was accosted by Suspect-1 who engaged Mr. Middleton in a verbal argument. Suspect 1 then grabbed Mr. Middleton. Mr. Middleton supposed reached into his right front pants pocket. Suspect 1 reached towards a bag he was wearing. While doing so, the SOF reports Mr. Middleton

2

produced a firearm. According to the SOF while Suspect 1 grabbed Mr. Middleton the firearm discharged. The SOF does not state that Mr. Middleton shot the firearm just that it "discharged." The firearm again discharged after Mr. Middleton and Suspect 1 fell off the bus and landed on the ground. Again the SOF does not state that Mr. Middleton purposefully shot the firearm but rather that it "discharged."

The SOF also noted that prior to Mr. Middleton entering the bus, Suspect 1 had approached another person with whom he attempted to fight, however, he was restrained by someone else who boarded the bus with him. Suspect 1 also threatened the whole bus stating "[a]nybody on this bus that say something to me, you're gonna die: I swear by God."

It is clear from the SOF that Suspect 1 was an aggressor to both the first individual who he sought to fight with and afterwards Mr. Middleton. Suspect 1 also threatened the whole bus with death. Although, the SOF does not note what Suspect 1 told Mr. Middleton, one could rationally assume that Suspect 1 also threatened to kill Mr. Middleton. Mr. Middleton, if he possessed the firearm, only produced it in self-defense.[1]

According to the SOF, when law enforcement came to the location and found Mr. Middleton, they canvassed the area but found no weapons, nor ballistics to confirm the discharge of a weapon. Suspect 1 was not present. It is Suspect 1 who should have been arrested.

---

[1] Undersigned has not been provided copies of the video recordings to assess how clearly it can be seen whether Mr. Middleton possessed the firearm and brought out the firearm rather than it coming from Suspect 1.

3

**2. <u>Weight of the Evidence</u>**

The evidence of possession of the firearm by Mr. Middleton appears to come from the Digital Video Recorder of the bus. Undersigned cannot comment on how clearly the footage shows Mr. Middleton take out a weapon from his person and possessions rather than taking it from Suspect 1. Although, law enforcement spoke with the bus driver, he apparently did not see exactly what transpired between Mr. Middleton and Suspect 1. The bus driver admitted to hearing gun shots. Nevertheless, the weight of the evidence is but one factor to be considered.

**3. <u>History and Characteristics</u>**

Mr. Middleton is 63 years old. Prior to his arrest, he was working for Breakthrough Beverage helping load orders. He had worked there for approximately two to three years. Undersigned called his employer after hours and was unable to speak with anyone. Mr. Middleton was also residing at a rooming house, in Hyattsville, Maryland, as noted in the pre-trial report. If necessary he could reside with his brother at the D.C. address noted in the pre-trial report. Undersigned spoke with his brother who advised that Mr. Middleton could live with him and his wife. They are both retired and are home all day. His brother would be willing to serve as a third-party custodian if necessary as well.

Although, Mr. Middleton has been arrested before, his last conviction was approximately ten years ago in 2015. His only DC conviction appears to be from an arrest approximately 14 years ago. Although, it also involved possession of a firearm after previously being convicted of a felony, he successfully completed his 3 years of

4

supervised release. His other firearm offense occurred some 28 years ago. It also appears that was his first arrest and conviction, according to the pre-trial services report. Although, Mr. Middleton has other convictions, they appear to be related to alcohol consumption and traffic violations.

Prior to his arrest in this case, he was going about his business, working to support himself and residing independently. He was not on any type of court supervision.

**4.   Nature and Seriousness to Anyone Person and the Community**

Conditions can be set to address any concerns of danger to the community. The government cannot establish clear and convincing evidence "that *no* condition or combination of conditions will reasonably assure the safety of any other person and the community," 18 U.S.C. § 3142(f)(2). The Court can order Mr. Middleton not possess any firearms, reside with his brother, maintain a curfew with work release. Again, here Mr. Middleton's actions were in response to Suspect 1's aggression and threats. Mr. Middleton responded to protect himself. Additionally, Mr. Middleton has shown he can abide by conditions of release. He was on supervised release for three years in his prior DC conviction. He successfully completed that supervision.

**5.   Proposed Conditions of Release**

Home confinement with GPS monitoring pursuant to the Heightened Intensive Supervision Program could be imposed to relay any safety concerns the Court may have. Mr. Middleton can reside with his brother, if the Court were not inclined to allow him return to reside at his room in the rooming home.

Respectfully submitted,

/s/

_____

Elita C. Amato

D. C. Bar # 442797

2111 Wilson Blvd., 8th Floor

Arlington, VA 22201

703-522-5900

**CERTIFICATE OF SERVICE**

I hereby certify that this Memorandum was filed electronically through the ECF filing system on this 27th day of August 2025, thereby, providing service electronically upon all parties in this case, including Government counsel.

_____/s/_____
Elita C. Amato